# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America<br><br>v.<br><br>**LUIS DIEGO MARTELL-MONAGAS,**<br><br>*Defendant* | Case No. 25-mj- 91 |

### CRIMINAL COMPLAINT

I, the complainant with respect to Counts 1 through 2 in this case, state that the following is true to the best of my knowledge and belief:

### COUNT 1
### (Possession with the Intent to Distribute Cocaine)

On or about May 21, 2025, in the Western District of New York, the defendant, **LUIS DIEGO MARTELL-MONAGAS**, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

### COUNT 2
### (Possession of a Machine Gun)

On or about May 21, 2025, in the Western District of New York, the defendant, **LUIS DIEGO MARTELL-MONAGAS**, did knowingly possess a machinegun, to wit: a machinegun conversion device used to modify a semi-automatic firearm to fire as fully automatic weapon, enabling said firearm to automatically shoot more than one shot without manual reloading, by a single function of the trigger, in violation of Title 18, United States Code, Sections 922(o), knowing and being aware of the essential characteristics of the firearm which made it a machinegun.

**All in violation of Title 18, United States Code, Section 922(o).**

☒  Continued on the attached sheet.

*Curtis R. Middlebrooks*
*Complainant's signature*
CURTIS R. MIDDLEBROOKS
SPECIAL AGENT
Federal Bureau of Investigation
*Printed name and title*

Sworn to and signed telephonically.
Date: May 21, 2025

*H. Kenneth Schroeder, Jr.*
*Judge's signature*
HONORABLE H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State:  Buffalo, New York

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK    )
COUNTY OF ERIE       )   SS:
CITY OF BUFFALO      )

## **INTRODUCTION**

1. I, Curtis R. Middlebrooks, am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I have been a Special Agent with the Federal Bureau of Investigation (FBI) since July of 2020. I have received basic drug, gang, criminal enterprise, and Title-III wiretaps investigative training at the FBI Training Academy located in Quantico, Virginia. I have served as an FBI Special Agent since July of 2020. Prior to my employment as a Special Agent with the FBI, I was employed as a United States Probation Officer (USPO) in the Western District of New York from July of 2009 through July of 2020. During my career, I have participated in investigations involving violent crime, firearms trafficking, drug trafficking networks, organized crime, and neighborhood-based street gangs. I have had the opportunity to work with several other FBI agents and other law enforcement agents and officers of varying experience levels, who have also investigated drug trafficking networks, with regard to the manner in which controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of drug trafficking in the Western District of New York, the District of Massachusetts, and the Northern District of West Virginia. In addition, I have had the opportunity to work with several other FBI agents and other law enforcement agents and officers of varying experience levels, who have also

1

investigated violent crime, firearms trafficking, drug trafficking networks, organized crime, and neighborhood-based street gangs in the Western District of New York, the District of Massachusetts, and the Northern District of West Virginia. As a result of my training and experience, and as a result of the information shared by my experienced colleagues, I am familiar with how individuals and associates possess and utilize firearms in crimes of violence and in the violent defense of themselves and their associates in the context of their drug-trafficking and gang-related activity. My investigative experience detailed herein, and the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein. During my tenure with the USPO and FBI, I have executed State and Federal search warrants in narcotics and firearms-related investigations.

2.      My current assignment requires extensive knowledge of matters related to illegal drug trafficking and violent gang activity in the Western District of New York. As part of my duties as a Special Agent, I investigate criminal activity related to drug trafficking, in violation of, among other statutes, 21 U.S.C. § 841(a)(1). My experience includes, but is not limited to, conducting surveillance, interviewing witnesses, conducting database checks, analyzing telephone records, writing affidavits for search warrants and Title III wiretap investigations, executing search warrants, and working with undercover agents and informants. I am familiar with matters including, but not limited to, the means and methods used by drug trafficking organizations to purchase, transport, store, and distribute drugs, and the concealing of profits generated from those transactions. Through my training and experience, I have become familiar with the methods of operations typically utilized by individuals who distribute drugs.  I know that it is common practice for drug traffickers to

routinely utilize vehicles, rental vehicles, telephones, mobile phones, prepaid phones, calling cards, public telephones, text messaging, counter-surveillance, false or fictitious identities, and coded communications to communicate with their customers, suppliers, couriers, and other conspirators for the purpose of insulating themselves from the detection of law enforcement. Moreover, it is not unusual for them to initiate such mobile or prepaid phone service in the name of an associate or family member or in the name of a fictitious individual. The individuals often require the use of a telephone facility to negotiate times, places, schemes, and manners for importing, possessing, concealing, and distributing controlled substances, and for arranging the concealment of proceeds derived from the sale of controlled substances.

3. This affidavit is being submitted for a limited purpose, that is, a probable cause determination. Therefore, I have not presented all of the facts of this investigation to date. I have set forth only the information I believe to be necessary to establish probable cause. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this manner.

4. I make this affidavit in support a criminal complaint charging **LUIS DIEGO MARTELL-MONAGAS** with violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (possession with intent to distribute a mixture and substance containing cocaine, a Schedule II controlled substance) and Title 18 United States Code, Section 922(o) (possession of a machine gun).

## PROBABLE CAUSE

5. As part of an ongoing narcotics trafficking investigation, the Buffalo FBI Safe Streets Task Force (SSTF), began investigating narcotics activity conducted in Lackawanna, New York. Through investigative means, including recent controlled buys, **LUIS DIEGO MARTELL-MONAGAS** was identified as an individual engaged in narcotics trafficking.

6. On May 20, 2025, investigators sought and obtained search warrants for 129 Travers Blvd., apartment D, Amherst, New York (**MARTELL-MONAGAS's Residence**) and 179 Holbrook, lower, front, Lackawanna, New York (**MARTELL-MONAGAS's Stash House**). On May 21, 2025, investigators executed these search warrants.

7. When law enforcement executed the warrant at **MARTELL-MONAGAS's Residence**, **MARTELL-MONAGAS** was present. During the search of **MARTELL-MONAGAS's Residence**, investigators found approximately three (3) firearms, two pistols and an AR style rifle. One of the pistols is a Polymer 80 handgun[1] with what appears to be a machine gun conversion device attached.[2] Investigators also seized $3,177 in U.S. currency and two cellular telephones. During a recorded interview and after being read his *Miranda Rights*, **LUIS MARTELL-MONAGAS** admitted to possessing the firearms and that he knew it was foolish of him to do so.

8. On May 21, 2025, Special Agent William Farnham of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, reviewed the Polymer 80 seized from **MARTELL-**

---

[1] Based on my training and experience working firearm investigations, I know Polymer 80 firearms to be "ghost guns." Ghost guns are firearms that are difficult to trace as they do not have a serial number and are assembled by the purchaser.

[2] Given that the Polymer 80 handgun seized from **MARTELL-MONAGAS**, was fitted with a machinegun conversion device, qualifies as a machinegun under federal law. Specifically, the Polymer 80 is a machinegun as defined in 18 U.S.C. § 921(a)(24) because it is a "weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." *See* 18 U.S.C. § 921(a)(24) (citing 26 U.S.C. § 5845(b)).

MONAGAS. Special Agent Farnham concluded that the firearm had a machine gun conversion device attached and thus is a machine gun.

9. When law enforcement executed the warrant at **MARTELL-MONAGAS's Stash House**, no one was present. During the search of **MARTELL-MONAGAS's Stash House**, investigators seized approximately 101.4 grams of suspected cocaine and approximately 9.4 grams of cocaine base. The suspected cocaine and cocaine base were field tested utilizing a Trunarc and returned positive results for the presence of cocaine and cocaine base.[3]

10. **WHEREFORE**, based upon the foregoing, I respectfully submit that there is probable cause to believe that **LUID DIEGO MARTELL-MONAGAS** violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 922(o).

*Curtis R. Middlebrooks*
CURTIS R. MIDDLEBROOKS
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed telephonically
this 21st day of May, 2025.

*H. Kenneth Schroeder, Jr.*
HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

---

[3] The suspected cocaine will be sent to the Erie County Central Police Services Laboratory (CPS Lab) for confirmation.