# IN THE DISTRICT COURT OF THE UNITED STATES

# for the Western District of New York

|  |  |
|---|---|
| **THE UNITED STATES OF AMERICA** | MARCH 2025 GRAND JURY (Impaneled 3/28/2025) |
| *-vs-* | **INDICTMENT** |
| **LUIS DIEGO MARTELL-MONAGAS** | Violations: Title 21, United States Code, Sections 841(a)(1) and 856(a)(1); and Title 18, United States Code, Section 922(o) (3 Counts and Forfeiture Allegation) |

## COUNT 1

**(Possession of Cocaine with Intent to Distribute)**

**The Grand Jury Charges That:**

On or about May 21, 2025, in the Western District of New York, the defendant, LUIS DIEGO MARTELL-MONAGAS, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

## COUNT 2

**(Maintaining a Drug-Involved Premises)**

**The Grand Jury Further Charges That:**

Between in or about May 2025, the exact date being unknown to the Grand Jury, and on or about May 21, 2025, in the Western District of New York, the defendant, LUIS DIEGO MARTELL MONAGAS, did unlawfully and knowingly use and maintain a place, that is the premises at 179 Holbrook, lower front, Lackawanna, New York, for the purpose of manufacturing, distributing, and using cocaine, a Schedule II controlled substance.

**All in violation of Title 21, United States Code, Section 856(a)(1).**

## COUNT 3

**(Possession of a Machine Gun)**

**The Grand Jury Further Charges That:**

On or about May 21, 2025, in the Western District of New York, the defendant, LUIS DIEGO MARTELL MONAGAS, did knowingly possess a machinegun, as defined in Title 26, United States Code, Section 5845(b), that is: a machinegun conversion device used to modify a semi-automatic firearm to fire as a machinegun, enabling said firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger, knowing and being aware of the essential characteristics of the machine gun conversion device which made it a machine gun.

**All in violation of Title 18, United States Code, Sections 922(o)(1) and 924(a)(2).**

## FIRST FORFEITURE ALLEGATION

### The Grand Jury Alleges That:

Upon conviction of any and all Counts of this Indictment, the defendant **LUIS DIEGO MARTELL MONAGAS**, shall forfeit to the United States, all his right, title and interest in any firearms, ammunition and magazines involved or used in the commission of the offenses, or found in the possession or under the immediate control of the defendant, including but not limited to the following property, seized from the defendant on or about May 21, 2025, from 129 Travers Blvd., Apartment D, Amherst, New York:

**FIREARMS, AMMUNITION, AND MAGAZINES:**

a. One (1) Black Polymer 80 handgun;

b. Forty (40) caliber Glock 22 SN HWX411;

c. One (1) box containing thirty-five (35) 9mm rounds of ammunition;

d. One (1) sock containing seventeen (17) forty (40) caliber Smith and Wesson rounds of ammunition;

e. Forty-seven (47) rounds of forty (40) caliber ammunition;

f. Twenty-seven (27) rounds of 9mm ammunition;

g. One (1) brown magazine with thirteen (13) 9mm rounds of ammunition;

h. One (1) Magazine with eleven (11) rounds of forty (40) caliber ammunition;

i. One (1) Semi-automatic Bear Creek firearm with a magazine;

j. One (1) unloaded magazine; and

k. One (1) machinegun conversion device.

**All pursuant to Title 18, United States Code, Sections 924(d)(1) and 3665, and Title 28, United States Code, Section 2461(c).**

## SECOND FORFEITURE ALLEGATION

### The Grand Jury Further Alleges That:

Upon conviction of Counts 1 and 2 of this Indictment, or any one of them, the defendant, **LUIS DIEGO MARTELL MONAGAS,** shall forfeit to the United States any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations, and any and all property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including, but not limited to the following, all seized on or about May 21, 2025:

**CURRENCY:**
a. The sum of three thousand one hundred and seventy-seven dollars ($3,177.00) United States currency.

**JEWELRY:**
a. One (1) twenty-four-inch (24 inch) 10k yellow gold rope chain with large round pendant;
b. One (1) .925 stamped sterling silver Cuban link chain;
c. One (1) twenty-one-inch (21 inch) 10k yellow gold franco style chain with crown emblem pendant;
d. One (1) 10k yellow gold heart ring set with clear simulated stones;
e. One (1) 10k yellow gold claddagh ring;
f. One (1) 10k yellow gold "A" initial ring;
g. One (1) 10k yellow gold ring;
h. One (1) 10k yellow gold heart shaped ring;
i. One (1) pair of .925 stamped bracelets with 2.95 charms;
j. One (1) 10k yellow gold Cuban link bracelet with clear simulated stones;
k. One (1) Invicta brand watch gold tone model #1235; and
l. One (1) Renato brand stainless steel wristwatch model T-Rex Hybrid.

**All pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2).**

DATED: Buffalo, New York, August 20, 2025.

                              MICHAEL DIGIACOMO
                              United States Attorney

BY:    S/TIMOTHY C. LYNCH
        TIMOTHY C. LYNCH
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716-843-5846
        Timothy.Lynch@usdoj.gov

A TRUE BILL:

S/FOREPERSON
FOREPERSON